## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOALVIN ABREU LUCIANO,         )
         )
      Petitioner,       )
         )
    vs.          )  Civil Action No. 3:26-cv-354
         )  Judge Stephanie L. Haines
TODD LYONS, *Acting Field Office Director,*  )
*U.S. Immigration Customs and Enforcement et*  )
*al.,*          )
         )
      Respondents.

### <u>MEMORANDUM ORDER</u>

Joalvin Abreu Luciano ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on March 3, 2026, (ECF No. 1). After required corrections were made to Petitioner's filing, the Court ordered service of the Petition (ECF No. 9) on March 17, 2026. Adam Hallowell, of the United States Attorney's Office entered his appearance for Respondents on March 23, 2026 (ECF No. 12). On April 15, 2026, Petitioner filed a Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure, Section 41(a)(1)(A)(i), stating that he was granted voluntary departure and is no longer in Respondents' custody, therefore he requests a dismissal of this case as moot. ECF No. 13, pp. 1-2

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). It is a well-established principle, however, that federal courts lack jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III, § 2, of the Const. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to

1

be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citing *Allen v. Wright*, 468 U.S. 737, 750-51 (1984), and *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-73 (1982)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-78). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id.* at 147-48; *Keitel*, 729 F.3d at 280. Given Petitioner's voluntary departure, there is no remedy that the Court can provide. Therefore, the Petition and any pending motions are moot.

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 17th day of April, 2026, IT IS ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) hereby is DISMISSED as moot; and,

The Clerk of Court is to mark this case Closed.

Stephanie L. Haines
United States District Judge

2